**FILED**
JAMES J. VILT JR, CLERK
9/15/2026
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO. 1:26-CV-00121-GNS**

MISTY ANN KEELE APPELLANT

v.

U.S. TRUSTEE APPELLEE

## PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Misty Ann Keele respectfully moves the Court under Fed. R. Civ. P. 59(e) to alter or amend the judgment entered on September 2, 2026. This motion is necessary to correct clear legal error and address a jurisdictional defect arising from an unaddressed automatic stay violation under 11 U.S.C. §362(a)(3).

## STANDARD FOR RELIEF UNDER RULE 59(E)

Relief under Rule 59(e) is appropriate to correct a clear error of law, account for newly discovered evidence, prevent manifest injustice, or address an intervening change in controlling law. *See* Banister v. Davis, 590 U.S. 79 (2020). A Rule 59(e) motion is proper where the Court overlooked a jurisdictional defect or relied on an incomplete record.

## I. CLEAR LEGAL ERROR: THE COURT DID NOT ADDRESS THE §362(A)(3) STAY VIOLATION

During Plaintiff's bankruptcy case (No. 18-11184-jal), the Department of Education altered and consolidated Plaintiff's student loan debt while an active §523 adversary proceeding was

pending. This constitutes a violation of §362(a)(3), which prohibits "any act to exercise control over property of the estate." A stay-violating act is void ab initio, and any later litigation relying on that act is jurisdictionally defective.

## II. THE COURT MISAPPREHENDED THE NATURE OF PLAINTIFF'S MOTION

The Court misunderstood Plaintiff's Motion to Enforce the Discharge as an attempt to initiate a second adversary proceeding. The Motion did not seek to commence new litigation; it sought enforcement of the existing discharge injunction under 11 U.S.C. § 524. Enforcement of a discharge order is a core bankruptcy function that does not require reopening the case or filing a separate adversary proceeding. Because the Court applied the wrong procedural framework, the resulting dismissal rests on a clear misapprehension of the Motion's purpose, warranting relief under Rule 59(e).

This Rule 59(e) motion does not seek to relitigate the dischargeability of Plaintiff's student loans or reopen the prior adversary proceeding. It is limited to correcting the Court's misunderstanding of the Motion's purpose and addressing the jurisdictional defect created by the undisclosed §362(a)(3) stay violation. The Court's Opinion incorrectly characterized Plaintiff's arguments as attempts to reassert dischargeability, but the Motion to Enforce the Discharge raised only enforcement issues under § 524 and did not seek a second adversary proceeding.

## III. RES JUDICATA CANNOT ATTACH TO A VOID JUDGMENT

The Court relied on res judicata, but res judicata cannot apply where the underlying action was void. Because the Department of Education altered the debt during an active adversary proceeding in violation of §362(a)(3), the later litigation was jurisdictionally defective. A void judgment cannot create res judicata.[1]

---

[1] \ Footnote:* The Court's references to alleged inaccuracies in Plaintiff's prior briefing—specifically regarding quotations from *Gurrola* and federal regulations—are not relevant to the Motion to Enforce the Discharge and

Res judicata applies only when all four elements are satisfied: (1) a final judgment on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue that was or could have been litigated in the prior action; and (4) an identity of the causes of action. The first element is not met here because a stay-violating act under §362(a)(3) is void ab initio, and a court lacks jurisdiction to enter a merits ruling based on a void act. Without a valid judgment entered by a court with jurisdiction, res judicata cannot attach. Additionally, the bankruptcy court issued contradictory orders regarding the disposition of the prior adversary proceeding. One order stated that the adversary was "dismissed without prejudice," which is not a final judgment on the merits and is not appealable. The subsequent order stated only that the adversary was "dismissed," without clarifying whether the dismissal was with prejudice. A dismissal without prejudice cannot satisfy the first element of res judicata, and a contradictory record cannot create a final judgment where none exists. Because the bankruptcy court did not make a clear determination and instead adopted the DOE's position without providing Plaintiff meaningful access to the record or the opportunity to be heard, the first element of res judicata is not met.

## IV. PRO SE LITIGANTS CANNOT BE PRECLUDED FROM RAISING UNKNOWN ISSUES

Pro se litigants cannot be precluded from raising an issue they were not aware of. Due process requires both knowledge and opportunity. Because Plaintiff did not know the Department of Education altered the debt during the adversary proceeding, she could not have raised the stay

---

do not bear on the jurisdictional defect raised here. The Motion did not rely on the regulation or quotation referenced in the Court's footnote, and those issues were not part of the record underlying the § 362(a)(3) stay violation. Rule 59(e) relief is appropriate because the Court's dismissal rested on a misapprehension of the Motion's purpose, not on the footnoted matters, which are unrelated to enforcement of the discharge injunction or the jurisdictional defect created by the undisclosed stay violation.

violation earlier. Res judicata does not apply where a litigant lacked knowledge of the underlying facts.

The §362(a)(3) violation constitutes newly discovered evidence because Plaintiff did not have access to the Department of Education's loan-level records at the time of the prior litigation. The stay-violating consolidation was not disclosed in the bankruptcy docket, and Plaintiff could not have reasonably discovered it earlier. Rule 59(e) relief is appropriate where the underlying facts were unavailable despite due diligence.

## V. THE COURT DID NOT HAVE THE COMPLETE RECORD

The Court did not have the complete record before it. The bankruptcy court did not transmit the full adversary proceeding record, including documents necessary to identify the Department of Education's alteration of the debt during the pending §523 action. A court cannot apply res judicata or enter a merits ruling without the full record. Because the missing documents contained the facts establishing the stay violation, Plaintiff could not have raised the issue earlier.

## VI. GURBIN DOES NOT APPLY TO A VOID ACT

The Court's reference to Gurbin does not cure the defect. Gurbin applies only where the later action was lawful. It does not apply where a creditor committed a stay violation or where the later litigation depended on a void act.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Alter or amend the judgment to reflect the jurisdictional defect created by the §362(a)(3) stay violation;

2. Correct the legal error in applying res judicata and Gurbin to a void act;

3. Clarify the record so the jurisdictional issue is preserved for appellate review.[2]

Respectfully submitted,

**MISTY ANN KEELE** Plaintiff, PRO SE

2677 H.E. JOHNSON ROAD

Bowling Green, Kentucky

mistyknudson@gmail.com

270-746-4371

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, I filed the foregoing Rule 59(e) Motion to Alter or Amend Judgment through the Court's system, which will send notice to all registered counsel, including:

**Office of the United States Trustee 601 West Broadway, Suite 512 Louisville, KY 40202**

**United States Attorney's Office 241 E. Main Street Bowling Green, KY 42101 United States Attorney's Office** 717 West Broadway Louisville, KY 40202

**/s/ Misty Ann Keele** Plaintiff

2677 H.E. JOHNSON ROAD

Bowling Green, Kentucky

[2] The Court's references to alleged inaccuracies in Plaintiff's prior briefing—specifically regarding quotations from *Gurrola* and federal regulations—are not relevant to the Motion to Enforce the Discharge and do not bear on the jurisdictional defect raised here. The Motion did not rely on the regulation or quotation referenced in the Court's footnote, and those issues were not part of the record underlying the § 362(a)(3) stay violation. Rule 59(e) relief is appropriate because the Court's dismissal rested on a misapprehension of the Motion's purpose, not on the footnoted matters, which are unrelated to enforcement of the discharge injunction or the jurisdictional defect created by the undisclosed stay violation.